FILED

MAR 01 2023

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 23 CR 125 |
| v. | Violations: Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(h) |
| WEILIANG ZHENG and DI XIONG LUO | JUDGE BUCKLO<br>Magistrate Judge Jantz |

**COUNT ONE**

The SPECIAL OCTOBER 2022 GRAND JURY charges:

1. Beginning no later than in or about November 2016, and continuing until at least in or about April 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

WEILIANG ZHENG and
DI XIONG LUO,

defendants herein, did conspire with each other, and with others known and unknown to the Grand Jury, to commit offenses in violation of Title 18, United States Code, Section 1956, namely, (a) to knowingly conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of a specified unlawful activity, namely, the felonious buying, selling, and otherwise dealing in a controlled substance, knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation

of Title 18, United States Code, Section 1956(a)(1)(B)(i), and (b) to transport, transmit, and transfer a monetary instrument and funds involving the proceeds of specified unlawful activity, namely, the felonious buying and selling and otherwise dealing in a controlled substance, from a place in the United States to or through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

2. It was part of the conspiracy that ZHENG and LUO were responsible for receiving, counting, and then transporting, transmitting, and transferring, from the United States to Mexico via China, large amounts of United States currency derived from the buying and selling of controlled substances ("narcotics proceeds").

3. It was further part of the conspiracy that ZHENG and LUO met with money couriers in the Chicago area, including in vehicles in public parking lots, to collect narcotics proceeds that ZHENG and LUO knew to be the proceeds of some unlawful activity. ZHENG and LUO knew these transactions were designed to conceal and disguise the nature, location, source, ownership, and control of the drug proceeds.

2

4. It was further part of the conspiracy that ZHENG and LUO used various and changing houses to count the narcotics proceeds they received before passing the proceeds on to another individual (a "narcotics proceeds collector") in order for the narcotics proceeds to be transmitted to China. ZHENG and LUO agreed to deliver the proceeds to the narcotics proceeds collector knowing that the property involved in the delivery represented the proceeds of some form of unlawful activity.

5. It was further part of the conspiracy that ZHENG and LUO provided information to the narcotics proceeds collector about the bank accounts to be used to effect the transmission of the narcotics proceeds to China.

6. It was further part of the conspiracy that ZHENG and LUO delivered the narcotics proceeds in a manner they knew was designed to conceal and disguise the nature, location, source, ownership, and control of the proceeds, including inside of various and changing houses used by ZHENG and LUO.

7. It was further part of the conspiracy that ZHENG and LUO communicated through an encrypted messaging application to arrange the collection and delivery of narcotics proceeds.

8. It was further part of the conspiracy that, on or about April 26, 2018, ZHENG and LUO delivered approximately $95,000 in narcotics proceeds, which they knew to be the proceeds of some form of unlawful activity, in a transaction that ZHENG and LUO knew was designed to conceal and disguise the nature, location, source, ownership, and control of the proceeds.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO

The SPECIAL OCTOBER 2022 GRAND JURY further charges:

On or about April 26, 2018, at Chicago, in the Northern District of Illinois, and elsewhere,

WEILIANG ZHENG and
DI XIONG LUO,

defendant herein, did knowingly conduct a financial transaction affecting interstate and foreign commerce, namely, the transfer and delivery of approximately $95,000 in United States currency, which involved the proceeds of a specified unlawful activity, namely, the felonious buying and selling and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE ALLEGATION

The SPECIAL OCTOBER 2022 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18 United States Code, Section 1956, as set forth in this Indictment, defendants shall forfeit to the United States of America any property involved in such offense, and any property traceable to such property, as provided in Title 18, United States Code, Section 982(a)(1).

2. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided by Title 21, United States Code Section 853(p) and Title 18, United States Code, Section 982(b)(2).

A TRUE BILL:

_____
FOREPERSON

_____
Erika L. Csicsila on behalf of the
UNITED STATES ATTORNEY